UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAO DE OLIVEIRA VIERA,

|  |  |
|---|---|
| Petitioner, | Case No. 26-cv-10874 |
|  | Honorable Linda V. Parker |

v.

KEVIN RAYCRAFT, Immigration and Customs
Enforcement, Director of Detroit Field Office,
Enforcement and Removal, MARKWAYNE MULLIN,
Secretary of the U.S. Department of Homeland
Security, and TODD BLANCHE,
Acting U.S. Attorney General,[1]

Respondents.
_____/

## OPINION AND ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

## Background

Petitioner, a citizen of Brazil, has been living in the United States since 2021, after he crossed the border without inspection.  He has not been charged or convicted of any crime in this country.  Petitioner subsequently applied for asylum

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court is sua sponte amending the case caption to reflect the current Secretary of the U.S. Department of Homeland Security and the Acting U.S. Attorney General.  The individuals serving in those roles when Petitioner initiated this action have been replaced by the individuals identified above.

and was granted employment authorization.  His asylum application remains pending.

On February 26, 2026, immigration officers arrested Petitioner.  He has remained detained in Immigration and Customs Enforcement custody ever since with no opportunity for an individualized bond hearing to assess his flight risk or dangerousness.

Petitioner filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention.  Respondents have filed a response to the petition, contending that Petitioner is being lawfully detained.  The Sixth Circuit Court of Appeals rejected Respondents' construction of the law in a decision issued on May 11, 2026: *Lopez-Campos v. Raycraft*, -- F.4th --, 2026 WL 1283891.

In *Lopez-Campos*, the Sixth Circuit joined the Second and Eleventh Circuits in holding that noncitizens like Petitioner are entitled to an individualized bond hearing and that their detention without such a hearing violates their Fifth Amendment due process rights.  *See id.* at *3.  In reliance on the Sixth Circuit's holding, and for the reasons set forth in its decision, the Court is granting Petitioner's request for habeas relief.

Accordingly,

**IT IS ORDERED** that Petitioner's habeas corpus petition is **GRANTED**.

2

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of this Opinion and Order with notice to Petitioner as soon as practicable but not less than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.

**IT IS FURTHER ORDERED** that, within ten (10) days of this Opinion and Order, Respondents shall file a status report certifying their compliance with this Opinion and Order and detailing the results of any bond hearing.  The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

**IT IS FURTHER ORDERED** that the Clerk's Office shall amend the case caption in accordance with Federal Rule of Civil Procedure 25(d), as set forth at n.1.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 12, 2026

3